IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTINA HUDSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-2471 |
| § | |
| L&W SUPPLY CORPORATION, INC., § | |
| § | |
| Defendant. § | |

**ORDER**

The plaintiff, Christina Hudson, filed a motion to enlarge the 25-page limit set by the local rules in her response to the defendant's summary judgment motion. She sought leave to file a brief of up to 75 pages. (Docket Entry No. 46). The motion to enlarge was filed on September 3, 2009. The following day, the defendant filed a response opposing the motion to enlarge the page limit. The defendant argued that there was no "extraordinary and compelling" reason for the added pages. (Docket Entry No. 48). That same date, the plaintiff filed her brief, which was 64 pages long. (Docket Entry No. 49). The defendant promptly filed a motion to strike, arguing that the brief failed to comply with the local rules and contained descriptive passages that unnecessarily added to the length. (Docket Entry No. 50). The plaintiff responded, (Docket Entry No. 51), explaining that the response was filed on the same day as the motion for leave to enlarge the page limits to ensure timely filing in light of a long-planned family vacation. (Docket Entry No. 52).

A showing of "extraordinary and compelling" reasons is not required to grant a motion to enlarge page limits. Some motions require extended presentation; others do not. The inclusion of descriptive passages or literary quotations is not by definition excessive verbosity. One function of

a summary judgment brief – both in support of and in opposition to summary judgment – is to tell the party's story, setting out not only the material facts but also the inferences properly drawn from those facts.  An antiseptic, bare-bones brief may achieve a page limit at the expense of properly telling that story.  Strict enforcement of the page limits in such a case would elevate form over substance and intrude on the discretion a lawyer should have to present her client's case.  On the other hand, it is often true that the longer a brief becomes, the less persuasive it becomes.  And the longer the materials the lawyers submit, the longer the time for the judge to resolve the motions.

Given the length of the relevant period, the number of claims, and the fact-intensive nature of this employment discrimination case, the plaintiff's motion to enlarge page limits is granted and the motion to strike is denied.  The defendant may file a reply no later than **October 9, 2009**.  The joint pretrial order filing date is extended to **December 4, 2009**.  The docket call is reset to **December 10, 2009,** at **2:00 p.m.**

SIGNED on September 23, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge